No. 14,381.

JOHN A. McAYEAL vs. JOSEPH L. MURRELL, SHERIFF, ET AL.

SYLLABUS.

The giving of a certificate by the sheriff and tax collector stating that the poll
  tax was properly paid for the year previous to that in which the certificate
  is issued, when such is a fact, is not antedating the certificate within the
  meaning of Art. 198 of the Constitution of 1898.
The court, after hearing, considered the issues, arrived at the conclusion that it
  was without jurisdiction and dismissed the appeal.

A PPEAL from the Eighteenth Judicial District, Parish of Acadia—
  *DeBaillon, J.*

*John J. Robira,* for Plaintiff, Appellee.

*Barry & McCain,* for Defendant, Murrell, Appellant.

McAyeal vs. Sheriff et al.

The opinion of the court was delivered by

BREAUX, J.   Relator instituted proceedings by *mandamus* to comepl the sheriff and tax collector of Acadia parish to let him have a certificate showing that he had paid his poll tax for 1901.

The respondent sheriff in his answer says that he is willing to furnish a receipt to plaintiff, but declined, as he asserts, "to ante-date the receipt," so as to make it appear that it was issued prior to January 1st, 1902.

The facts of the case are that relator desired to vote at a municipal election held in one of the municipalities within the limits of the parish.   As no one is permitted to vote at any election who has not paid his poll taxes for the two years preceding the year in which he offers to vote, he sought to furnish the required evidence that would enable him to exercise the privilege of voting.   One of the requisites is to exhibit his poll tax receipt.

The sheriff and tax collector refused to issue the required receipt urging as his reason for refusing that he would have to ante-date it, and as the penalty is severe against antedating the certificate (Art. 198 of the Constitution of 1898) he chose to decline to give it.

During the trial in the District Court, the judge of the District Court ordered the clerk to furnish to the sheriff a list of those whose poll taxes he (the clerk) had retained from the mileage and *per diem* of those who had rendered service as jurors in 1901.   Among those who had thus paid the poll tax was the relator.

The sheriff was ordered by the court in this case to furnish to the commissioner of election a certificate setting out the poll taxes retained by the clerk, including the name of John A. McAyeal, the relator, and made the *mandamus* absolute.   We do not think there is anything in this order which in the least contravenes the article of the Constitution directed against ante-dating a certificate, and this is the extent of respondent's interest in the matter.

Relator, in the year 1901, paid his poll tax for the year 1901.   The sheriff, after having received the list of jurors that had paid from the clerk's office, had no cause to ante-date anything.   He only certified to clerk's office, had no cause to ante-date anything. He is only to certify to 1902, he is to issue his certificate showing that by the return in his office from the clerk's office, the voter, in 1901, had paid the poll tax for 1901.   The respondent scarcely has an interest to stand as an appel-

lant. Relator's right to vote is personal and not one in which respondent can be much concerned to oppose.

But there is no question here of the constitutionality or legality of a tax, and in consequence it is not apparent that this court has jurisdiction. Having examined the record closely, we take occasion to say that an examination of the record has resulted in convincing us that the judgment is legal; none the less, we have determined to dismiss the appeal, on the ground of the want of interest of the appellant and the want of jurisdiction of this court. We are equally as certain that the 'defendant was entitled to a certificate showing that he had paid his poll tax. It leaves the relator in possession of all the rights to which he is entitled, and no more would be obtained were we to directly affirm the judgment.

The appeal is dismissed at respondent's costs.

Monroe, J., and Provosty, J., concur in the decree dismissing the appeal for want of jurisdiction.